**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

CHRISTOPHER L. HUNDLEY,
AYANNA PACE, J.P. BY AND THROUGH
HIS NEXT FRIEND AYANNA PACE                                      PLAINTIFFS

v.                                            CIVIL ACTION NO. 2:16-CV-3-KS-MTP

CITY OF WAYNESBORO, MS, WAYNESBORO POLICE DEPT.,
CHIEF OSCAR LEWISS III, ASSISTANT CHIEF
KENNEDY MEADERS, OFFICER ROBERT WALKER,
OFFICER FRED DANIELS, OFFICER TEDRICK RANKIN
OFFICER STEVIE WALKER, OFFICER JAMES KIRKLEY,
AND OFFICER JEFF PATON, EACH INDIVIDUALLY AND
EACH IN THEIR OFFICIAL CAPACITY AS POLICE
OFFICERS OF WAYNESBORO, MS, AND JOHN DOES 1-10          DEFENDANTS


**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the Motion to Dismiss the Waynesboro Police Department ("Motion to Dismiss the Department") [5], Motion to Dismiss State Law Claims [12], and Motion to Dismiss Federal Claims Based on Qualified Immunity ("Motion to Dismiss Federal Claims") [14] filed by Defendants. After reviewing the submissions of the parties, the record, and the applicable law, the Court finds the following:

1)    the Motion to Dismiss the Department [5] is well taken and should be granted;

2)    the Motion to Dismiss State Law Claims [12] should be granted in part and denied in part; and

3)    the Motion to Dismiss Federal Claims [14] should be granted in part and denied in part.


**I.  BACKGROUND**

On January 6, 2016, Plaintiffs Christopher L. Hundley ("Hundley"), Ayanna Pace ("Pace"), and J.P., by and through his next friend Ayanna Pace, ("J.P.") (collectively "Plaintiffs"), brought this action against the City of Waynesboro, MS (the "City") and the Waynesboro Police Department (the "Department"), as well as Chief Oscar Lewis, III ("Lewis"), Assistant Chief Kennedy Meaders ("Meaders"), Officer Robert Walker ("Robert Walker"), Officer Fred Daniels ("Daniels"), Officer Tedrick Rankin ("Rankin"), Officer Stevie Walker ("Stevie Walker") Officer James Kirkley ("Kirkley") and Officer Jeff Paton ("Paton") (collectively the "Officers").  In their Complaint [1], Plaintiffs bring state law claims of infliction of emotional distress, sexual harassment, and negligent hiring/retention, and federal claims under 42 U.S.C. § 1983 for false imprisonment/false arrest and malicious prosecution, claiming violations of their Fourth, Fifth, Sixth, Eight, Twelfth, and Fourteenth Amendment rights.  Claims against the Officers are brought both in their individual and official capacities.

Plaintiffs allege that Hundley was wrongfully arrested by the Officers in November 2014, for possession of marijuana, and in December 2014, for reckless driving, resisting arrest, running a stop sign, and disorderly conduct.  The December 2014 arrest resulted in a conviction, which is currently being appealed.  The possession charges from the November 2014 arrest were eventually dismissed.  Plaintiffs also claim that the Officers have targeted Hundley on numerous occasions. (Complaint [1] at pp. 4-5 ¶ 24.)

While Hundley was incarcerated, Plaintiffs allege that Meaders saw Pace at her mailbox and stated, "Your boyfriend is in jail; let me get some ass."  (*Id.* at p. 4 ¶ 23.)  Pace alleges that she also received several phone calls from him that same day, which she did not answer.  (*Id.*)  She claims she filed complaints about this behavior with the Department, but nothing was ever done.

2

Plaintiffs further claim that J.P., Pace's minor son, was wrongfully cited for a hit and run and for driving with a learner's permit without a licensed driver.  They claim that J.P., contrary to the accident report, never left the scene of the incident.

On April 11, 2016, the Department filed its Motion to Dismiss the Department [5], claiming that its claims were duplicative of those against the City.  The Motion to Dismiss State Law Claims [12] and Motion to Dismiss Federal Claims [14] were filed on April 27, 2016.  All Defendants have joined in these motions.[1]  These motions are brought under Federal Rule of Procedure 12(c).

## II.  DISCUSSION

### A.      Standard of Review

"The same standard of dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6)."  To withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 2010) ("To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'") (quoting *Twombly*, 550 U.S. at 555).  A complaint containing mere "labels and conclusions, or a formulaic recitation of the elements" is insufficient.  *Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 219 (5th Cir. 2012) (citation and internal quotation marks omitted).  However, "detailed

---

[1]Meaders is the only defendant not named in the original motions.  He filed his Joinders [18][19] on April 29, 2016.

factual allegations" are not required.  *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955).  Although courts are to accept all well-pleaded facts as true and view those facts in the light most favorable to the nonmoving party, courts are not required "to accept as true a legal conclusion couched as factual allegation." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citations omitted).  "[W]hen a successful affirmative defense appears on the face of the pleadings, dismissal under Rule 12(b)(6) may be appropriate." *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 726 (5th Cir. 2013) (quoting *Kansa Reins. Co. v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994)).

**B.     Motion to Dismiss the Department [5]**

In order for a political subdivision of a city to be a named defendant separate from the city itself, "it must enjoy a separate legal existence."  *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991) (citations and quotations omitted).   "In Mississippi, police and Sheriff's departments are not subject to suit because they do not enjoy a separate legal existence apart from their respective cities or counties." *Breland v. Forrest Cnty. Sheriff's Dep't*, No. 2:10-CV-303-KS-MTP, 2013 WL 1623997, at *4 (S.D. Miss. Apr. 15, 2013) (quoting *Fuhgetaboutit, LLC v. Columbus Police Dep't*, No. 1:10-CV-207-SA-JAD, 2011 WL 4529665, at *2 (N.D. Miss. Sept. 28, 2011)).  Because the City and the Department are not separate entities, the claims against them are duplicative.   The Court will thereofre **grant** Motion to Dismiss the Department [5] and the Department will be **dismissed with prejudice**.

**C.     Motion to Dismiss State Law Claims [12]**

Plaintiffs bring state law claims of infliction of emotional distress, sexual harassment, and negligent hiring/retention against the Defendants.  The Court assumes that Plaintiff's claim of infliction of emotional distress includes both intentional and negligent infliction of emotional

4

distress. In so far as the alleged actions were done within the course and scope of the officers' employment, the claims are subject to the Mississippi Tort Claims Act ("MTCA"). *See* MISS. CODE ANN. § 11-46-5(1).

### 1.    Intentional Infliction of Emotional Distress

Defendants argue that the intentional infliction of emotional distress claim against the City must be dismissed because the alleged actions of the officers that give rise to the claim fall outside the course and scope of their employment. Under the MTCA, a government entity "shall not be liable or considered to have waived immunity for any conduct of its employee if the employee's conduct constituted fraud, malice, libel, slander, defamation or any criminal offense other than traffic violations." MISS. CODE ANN. § 11-46-5(2). The Mississippi Court of Appeals has held

> Intentional infliction of emotional distress can be predicated on behavior that is malicious, intentional, willful, wanton, grossly careless, indifferent *or* reckless. Thus, to the extent intentional infliction of emotional distress is predicated on malicious conduct, the claim would be outside the scope of the MTCA," and the City could not be held liable.

*Weible v. Univ. of S. Miss.*, 89 So.3d 51, 64 (Miss. Ct. App. 2011) (internal quotations and citations omitted) (emphasis in original). In their Complaint, Plaintiffs specifically state that they suffered emotional distress due to the Officers' "malice aforethought." (*See* Complaint [1] at p. 8 ¶ 47.) Because their claim of intentional infliction of emotional distress is predicated on the Officers' alleged malicious conduct, the City can not be held liable for this claim. The intentional infliction of emotional distress claim, then, will be **dismissed with prejudice** as to the City.[2]

However, because this claim against the Officers is outside the scope of the MTCA, there is no notice requirement that must be met, and Defendants other arguments for dismissal are moot.

---

[2]The Court does not decide whether the notice given pursuant to the MTCA was adequate, as all of the claims within the scope of the MTCA are due to be dismissed on other grounds.

The intentional infliction of emotional distress claim therefore remains pending against the individual Officers.

### 2.    Negligent Infliction of Emotional Distress

Defendants argue that they cannot be held liable for negligent infliction of emotional distress because the MTCA holds that

> A government entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim . . . [a]rising out of any act or omission of an employee of a government entity engaged in the performance of duties or activities relating to police or fire protection unless the employee acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity.

MISS. CODE ANN. § 11-46-9(1)(c).  Because negligence is less than reckless disregard and because the actions alleged to have caused the emotional distress—the purported wrongful arrests and wrongful charges—are related to police protection, the City and its employees can not be held liable for a claim of negligent infliction of emotional distress under the MTCA.  This claim must therefore be **dismissed with prejudice** against the Defendants.

### 3.    Negligent Hiring/Retention

Defendants argue that the negligent hiring/retention claim against the City is also due to be dismissed under § 11-46-9(1)(c).  Additionally, they argue that it should be dismissed under the discretionary function exemption, which states that

> A government entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim . . . [b]ased upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee thereof, whether or not the discretion be abused.

MISS. CODE ANN. § 11-46-9(1)(d).  "The duty to hire and supervise employees is necessarily and logically dependent upon judgment and discretion."  *A.B. ex rel. C.D. v. Stone Cnty. Sch. Dist.*, 14

So.3d 794, 799 (Miss. Ct. App. 2009) (quoting *T.M. v. Noblitt*, 650 So.2d 1340, 1344 (Miss. 1995)). Because the City can not be held liable for negligent activities relating to police protection and because the hiring and retention of officers is a discretionary function, Plaintiff's claim of negligent hiring/retention must fail. This claim will therefore be **dismissed with prejudice**.

### 4.   Sexual Harassment

Defendants argue that Plaintiff Pace may only assert her claim of sexual harassment against Defendant Meaders. From the language of the Complaint, it appears that this claim is only being alleged against Meaders and the City. Sexual misconduct falls out of the course and scope of employment for law enforcement officials. *See Cockrell v. Pearl River Valley Water Supply Dist.*, 865 So.2d 357, 362 (Miss. 2004). As any misconduct on Meaders part that constitutes sexual harassment would fall outside of his employment, the City has not waived immunity for the conduct and can not be held liable for it. Therefore, this claim will be **dismissed with prejudice** against the City. The sexual harassment claim remains pending, though, against Defendant Meaders.

### D.   Motion to Dismiss Federal Claims [14]

In their Complaint, Plaintiffs bring two federal claims under 42 U.S.C. § 1983, false imprisonment/false arrest and malicious prosecution, claiming that their Fourth, Fifth, Sixth, Eight, Twelfth, and Fourteenth Amendment rights were violated. Defendants argue that they are entitled to qualified immunity on these claims. In the alternative, they argue that Plaintiffs should be required to file a Rule 7 *Schultea* Reply in order to meet the heightened pleading standard.

"The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S. Ct. 808, 172 L.Ed.2d 565 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct.

2727, 73 L.Ed.2d 396 (1982)) (internal quotations omitted).  This doctrine, where applicable, is a bar to suit altogether "rather than a mere defense to liability."  *Id.* (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S. Ct. 2806, 86 L.Ed.2d 411 (1985)).

There are two steps in deciding whether qualified immunity applies.  *Id.* at 232.  "First, a court must decide whether the facts that a plaintiff has alleged make out a violation of a constitutional right."  *Id.* (citing *Saucier v. Katz*, 533 U.S. 194, 201, 121 S. Ct. 2151, 150 L.Ed.2d 272 (2001)) (internal citations omitted).  If the plaintiff can establish this, then "the court must decide whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct."  *Id.*  If one or both steps are satisfied in Plaintiff's favor, then qualified immunity does not apply.

When a qualified immunity defense is offered on the pleadings, "the court may, in its discretion, insist that a plaintiff file a reply tailored to an answer pleading the defense of qualified immunity.  Vindicating the immunity doctrine will ordinarily require such a reply, and a district court's discretion not to do so is narrow when greater detail might assist."  *Schultea v. Wood*, 47 F.3d 1427, 1433-34 (5th Cir. 1995).  A heightened pleading standard is applied to this reply, which must be "tailored to the assertion of qualified immunity and fairly engage its allegations.  *Id.* at 1433.

The Court begins by noting that the Fifth Circuit has unequivocally stated that "malicious prosecution standing alone is no violation of the United States Constitution."  *Castellano v. Fragozo*, 352 F.3d 939, 943 (5th Cir. 2003).  Plaintiffs' claims of malicious prosecution under § 1983, then, must be **dismissed with prejudice** as there is no violation of a federal right.

Second,  the Court would point out that the constitutional rights implicated in the claim of false imprisonment/false arrest are derived from the Fourth and Fourteenth Amendments, and not

the Fifth, Sixth, Eighth, or Twelfth.[3]   To succeed on their false imprisonment/false arrest claim,

Plaintiffs must show that there was no probable cause to arrest them.  *Haggerty v. Tex. S. Univ.*, 391

F.3d 653, 655 (5th Cir. 2004).   "Probable cause exists when the totality of the facts and

circumstances within a police officer's knowledge at the moment of arrest are sufficient for a

reasonable person to conclude that the suspect had committed or was committing an offense."  *Id.*

at 656 (quoting *Gleen v. City of Tyler*, 242 F.3d 307, 313 (5th Cir. 2001)) (internal quotations

omitted).

Plaintiffs do not specify which one of them is bringing the false arrest/false imprisonment

claims, so the Court assumes that each plaintiff is bringing these claims against the Defendants.

### 1.    Christopher L. Hundley

Plaintiffs claim that Hundley was arrested twice without sufficient probable cause, once in

November 2014 and once in December 2014.  The December 2014 arrest resulted in Hundley being

found guilty of the charges against him.  The Fifth Circuit has held

> It is well settled that, under *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S. Ct.
> 2364, 129 L.Ed.2d 383 (1994), a plaintiff who has been convicted of a crime cannot
> recover damages for an alleged violation of his constitutional rights if the alleged
> violation arose from the same facts attendant to the charge for which he was
> convicted, unless he proves that his conviction or sentence has been reversed on
> direct appeal, expunged by executive order, declared invalid by a state tribunal
> authorized to make such determination, or called into question by a federal court's
> issuance of a writ of habeas corpus.

*Ballard v. Burton*, 444 F.3d 391, 396 (5th Cir. 2006) (internal quotations and citations omitted).

Plaintiffs admit that the direct appeal of this conviction is still pending.  (Complaint [1] at p. 4 ¶ 22.)

The Court will therefore **dismiss without prejudice** the claim of false imprisonment/false arrest

---

[3]The Court is unsure why Plaintiffs believe the Twelfth Amendment, which details the
process by which the President and Vice-President of the United States are elected, would be
implicated in this case.

brought on Hundley's behalf with regards to the December 2014 arrest, as the claim would not be ripe under *Heck* unless and until the conviction were reversed or otherwise declared invalid. The Court will not allow Plaintiffs to make a Rule 7 reply regarding this claim, as they have admitted that the appeal of the conviction is still pending in their Complaint [1].

With regards to the November 2014 arrest, Plaintiffs allege that Hundley was arrested by Defendants Daniels, Rankin, and Stevie Walker, at the direction of Defendants Meaders and Robert Walker, who had videotaped him in an apartment complex playground and claimed they saw Hundley smoking marijuana. (Complaint [1] at p. 3 ¶¶ 19-20.) "[W]here a police officer makes an arrest on the basis of oral statements by fellow officers, an officer will be entitled to qualified immunity from liability in a civil rights suit for unlawful arrest provided it was objectively reasonable for him to believe, on the basis of the statements, that probable cause for the arrest existed." *Deville v. Marcantel*, 567 F.3d 156, 166 (5th Cir. 2009) (quoting *Rogers v. Powell*, 120 F.3d 446, 455 (3d Cir. 1997)) (alteration in original). In this case, according to Plaintiffs' Complaint, the officers arrested Hundley because their fellow officers reported that they witnessed him smoking marijuana, which is a crime and would have given the arresting officers probable cause to arrest. Plaintiffs' hurdle then becomes demonstrating why it was unreasonable for the arresting officers to accept the statements of Meaders and Robert Walker. Plaintiffs, though, allege no facts that would establish this reliance was unreasonable.

However, in an abundance of caution because its discretion is so narrow, the Court will allow Plaintiffs to submit a Rule 7 *Schultea* Reply to assert any other factual allegations they have that could support this claim. *See Schultea*, 47 F.3d at 1433-34. Plaintiffs will be given **two weeks** from the date of this order to submit such a reply. If they fail to meet the heightened pleading

requirements for this reply with regards to Hundley's false arrest/false imprisonment claim, it will be **dismissed with prejudice**.

> ### 2.     Ayanna Pace

There has been no factual allegations that Plaintiff Pace was at any time arrested.  If Plaintiffs intend to allege such facts, they should include it in their Rule 7 *Schultea* Reply, along with whatever factual allegations they may have showing that this arrest was made without probable cause.  If Plaintiffs fail to do so, the false imprisonment/false arrest claim made by Pace will be **dismissed with prejudice**.

> ### 3.     J.P.

Plaintiffs allege that the minor plaintiff, J.P., was issued citations for hit and run and for driving without a licensed driver.  At no point do Plaintiffs contend that J.P. was arrested.  In order for this claim to not be **dismissed with prejudice** on the basis of qualified immunity, Plaintiffs must allege in their Rule 7 *Schultea* Reply that J.P. was arrested and that this arrest occurred without probable cause.

## III.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Dismiss the Department [5] is **granted**.  The Waynesboro Police Department is hereby **dismissed with prejudice** from this action.

IT IS FURTHER ORDERED AND ADJUDGED that the Motion to Dismiss State Law Claims [12] is **granted in part** and **denied in part**.

It is **granted** in that the following claims are **dismissed with prejudice**:  intentional infliction of emotional distress against the City, negligent infliction of emotional distress against all Defendants, negligent hiring/retention against the City, and sexual harassment against the City.

It is **denied** in that the following claims remain pending:  intentional infliction of emotional distress against the Officers; and the sexual harassment claim against Defendant Meaders.

IT IS FURTHER ORDERED AND ADJUDGED that the Motion to Dismiss Federal Claims [14] is **granted in part** and **denied in part**.

It is **granted** in that Plaintiffs' claims of malicious prosecution under 42 U.S.C. § 1983 against all Defendants are **dismissed with prejudice**.  It is further **granted** in that Plaintiff Hundley's claim of false imprisonment/false arrest with respect to his December 2014 arrest is **dismissed without prejudice** as it is not yet ripe for adjudication.

It is **denied** in that Plaintiffs are given **two weeks** from the date of this order to submit a Rule 7 *Schultea* Reply with regards to all other false arrest/false imprisonment claims under § 1983. Should Plaintiffs fail to plead sufficient factual allegations to overcome Defendants' qualified immunity defense, their remaining § 1983 claims will be **dismissed with prejudice**.

SO ORDERED AND ADJUDGED this the 14th day of June, 2016.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE